GINA M. PALAFOX, Justice
El Paso County Sheriff's Office, El Paso County Attorney's Office, El Paso County Clerk's Office, District Attorney's Office, District Clerk's Office, Records Management and Archives, West Texas Community Supervision and Corrections Department (Probation), El Paso County Court Administration and the Jail Magistrate (collectively referred to as the County) appeal an order of expunction in favor of R.P. which addresses two misdemeanor charges that stem from an arrest that additionally led to a felony charge for aggravated kidnapping. In a single issue, the County argues that R.P. failed to prove that his multi-charge arrest did not result in a term of court-imposed community supervision due to the felony charge of aggravated kidnapping. The County asserts that R.P. is not entitled to expunge some charges while retaining another when all charges stem from a single arrest. Finding error, we reverse and render.
*643 BACKGROUND
R.P. filed a petition to expunge all criminal records and files relating to two misdemeanor charges-i.e., for unlawful restraint and assault causing bodily injury to a family member-with both charges stemming from his arrest on September 10, 2011. In response, the County filed a general denial. When the trial court held an evidentiary hearing, R.P. testified but no other evidence was admitted by the court.[1] R.P. testified that he was arrested on September 10, 2011, on suspicion of unlawful restraint and assault causing bodily injury to a family member. Both allegations were subsequently charged under cause numbers 20110C08744 and 20120C09023 and assigned to county courts of El Paso County. He further testified that both cases were subsequently dismissed, and he served no community supervision probation on either case. R.P. additionally testified that he had not been convicted of any felony in any other cause arising out of a subsequent incident.
On cross-examination, R.P. confirmed that his two misdemeanor charges were re-indicted as aggravated kidnapping and the charge was related to the same incident and arrest. He testified that he was not convicted of any felony. Next, he was asked the following questions:
[County Attorney]: Did you plea guilty to aggravated kidnapping? Did you plea guilty to that charge?
[R.P.]: I don't know.
[County Attorney]: Okay. Do you know whether or not you received deferred adjudication for that charge?
[R.P.]: Yes, sir. [Emphasis added.]
Shortly thereafter, the trial court entered an order granting R.P.'s petition. This appeal followed.[2]
DISCUSSION
Standard of Review
A trial court's ruling on a petition for expunction is reviewed for an abuse of discretion. State v. T.S.N. , 547 S.W.3d 617, 620 (Tex. 2018). Under this standard, we afford no deference to the trial court's legal determinations recognizing that the trial court has no discretion in deciding what the law is or in applying it to the facts. Id. ; In re Labatt Food Serv., L.P. , 279 S.W.3d 640, 643 (Tex. 2009). Thus, a trial court's legal conclusions are reviewed de novo. T.S.N. , 547 S.W.3d at 620 ; In re Labatt Food Serv., L.P. , 279 S.W.3d at 643. When conducting our review, however, we may not substitute our judgment for that of the trial court with respect to resolution of factual issues committed to the trial court's discretion. In re A.G. , 388 S.W.3d 759, 761 (Tex. App.-El Paso 2012, no pet.). A trial court abuses its discretion if it acts arbitrarily or unreasonably without reference to guiding rules and principles of law. Id.
Applicable Law
Article 55.01(a) of the Code of Criminal Procedure governs a petitioner's right to expunction and provides, in relevant part:
(a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony *644 or misdemeanor is entitled to have all records and files relating to the arrest expunged if:
...
(2) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Chapter 42A for the offense, unless the offense is a Class C misdemeanor, provided that:
(A) regardless of whether any statute of limitations exists for the offense and whether any limitations period for the offense has expired, an indictment or information charging the person with the commission of a misdemeanor offense based on the person's arrest or charging the person with the commission of any felony offense arising out of the same transaction for which the person was arrested:
(i) has not been presented against the person at any time following the arrest....
Act effective January 1, 2017, 84th Leg., R.S., ch. 770 (H.B. 2299), § 2.23, 2015 Tex. Gen. Laws 2321, 2373 (amended 2017) (current version at TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2)(A)(i) ); see also Ex parte D.D.G. , No. 10-17-00123-CV, 2019 WL 963291, at *1-2 (Tex. App.-Waco Feb. 27, 2019, no pet.) (mem. op.) (reviewing petitioner's claims under subsection (a)(2)(A) and (a)(2)(B), even though petitioner asserted that his arrest should have been expunged under subsection (a)(2)(B) alone, where the petitioner was charged with multiple offenses based off of a single arrest).
The right to an expunction of records is a statutory right. In re A.G. , 388 S.W.3d at 761. An expunction proceeding is civil in nature. Id. The petitioner accordingly bears the burden of proving that all statutory requirements have been met. Id. Also, because an expunction is a statutory privilege-rather than a constitutional or common law right-the statutory requirements are mandatory and exclusive. In re D.W.H. , 458 S.W.3d 99, 104 (Tex. App.-El Paso 2014, no pet.). Thus, a trial court has no discretion to deny a petition for expunction of records provided that statutory requirements are met. In re A.G. , 388 S.W.3d at 761. By the same token, trial courts have no equitable power to grant expunction should petitioner fail to establish his or her right to such remedy by demonstrating strict compliance with statutory requirements. Id. Respondent's filing of a general denial puts at issue all matters alleged in a petition that are subject to proof. Tex. Dep't of Pub. Safety v. G.B.E. , 459 S.W.3d 622, 630 (Tex. App.-Austin 2014, pet. denied) ; In re Expunction of A.R. , 225 S.W.3d 643, 646 (Tex. App.-El Paso 2006, no pet.).
Recently, in State v. T.S.N. , the Texas Supreme Court expressly recognized that article 55.01, when viewed as a whole, is neither entirely arrest-based nor offense-based given that prerequisites required by subsections (a)(1) and (a)(2) are quite different. T.S.N. , 547 S.W.3d at 623. "Different parts of the article, including the expunction requirements, address different factual situations: subsection (a)(1) concerns acquittals and pardons, with clear instructions provided as to multiple offense arrests under subsection (c); and subsection (a)(2) concerns dismissals and plea bargains." Id. Clarifying the scope of its decision, T.S.N . addressed only the expunction scheme under subsection (a)(1), stating "[t]he expunction scheme under subsection (a)(2) is not at issue, and we express no opinion about it." Id.
Regarding subsection (a)(2), this Court and several other Texas courts have reasoned *645 it is an arrest-based scheme and a person seeking expunction must meet the statutory requirements for all charges arising from the same arrest. See In re O.R.T. , 414 S.W.3d 330, 335 (Tex. App.-El Paso 2013, no pet.) ("Moreover, the primary purpose of the expunction statute is to permit the expunction of wrongful arrest records. When a defendant admits guilt to an offense arising out of an arrest, he concedes that the arrest was not wrongful for purposes of the expunction statute.") [internal citations omitted]; see also , Ex parte Burton , No. 04-17-00440-CV, 2018 WL 6624902, at *3 (Tex. App.-San Antonio Dec. 19, 2018, no pet.) (mem. op.); Matter of Hoover , No. 05-16-01363-CV, 2018 WL 2926143, at *3 (Tex. App.-Dallas June 7, 2018, pet. filed) (mem. op.). One of our sister courts held, however, that where multiple related offenses arise from a single arrest, then a petition for expunction of those offenses is analyzed under subsection (a)(2)(A) and that analysis is unaffected by whether the statutory provision is labelled as offense-based or arrest-based. See Ex parte Brown , No. 14-17-00695-CV, 2018 WL 3977174, at *2 n.4 (Tex. App.-Houston [14th Dist.] Aug. 21, 2018, no pet.) (mem. op.) (explaining that because the court was addressing related offenses under subsection (a)(2)(A), the analysis was not affected by the Texas Supreme Court's decision in T.S.N. ).
Analysis
Here, because the County filed its general denial, R.P. thus bore the burden of proof to show that he met all statutory requirements of the expunction scheme. G.B.E. , 459 S.W.3d at 630 ; In re Expunction of A.R. , 225 S.W.3d at 646. While R.P. testified that he was arrested on September 10, 2011, for an unlawful-restraint offense and family-violence-assault offense that were both ultimately dismissed, he also testified that he was indicted for an aggravated kidnaping charge that was based on the same incident and arrest. Although R.P. testified he was not convicted of the aggravated kidnapping offense, he did not affirmatively establish that he did not receive court-ordered community supervision for that offense. R.P.'s burden of proof required that he demonstrate strict compliance with all the conditions imposed by article 55.01. In re A.G. , 388 S.W.3d at 761.
Statutory provisions require R.P. to show that the charge for which expunction is sought has not resulted in court-ordered community supervision, nor has an indictment charging the person with a felony offense arisen "out of the same transaction for which the person was arrested[.]" TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2)(A). We find that R.P.'s failure to establish the elements of the expunction statute for his aggravated kidnapping charge thereafter disqualifies him from receiving an expunction of the other offenses relating to the arrest of September 10, 2011. See Ex parte Burton , 2018 WL 6624902, at *4 ("Burton failed to present any evidence to counter the State's argument that the dismissals and pleaded-to charges related to a single instance of criminal conduct. Accordingly, on this record, Burton failed to establish his entitlement to an expunction and we affirm the trial court's order on each of these causes.") [internal citations omitted]; Matter of Hoover , 2018 WL 2926143, at *3 ("The record shows Hoover was arrested on May 25, 2006, for four offenses. Although three of the four indictments were dismissed, Hoover pleaded guilty to false statement to obtain property or credit. The trial court deferred adjudication and placed him on community supervision. Thus, Hoover failed to meet his burden to show he satisfied the requirements of article 55.01(a)(2) because the record shows that although three indictments were dismissed, *646 one indictment resulted in Hoover receiving community supervision.").
Furthermore, R.P. testified that the indictment for aggravated kidnapping arose from the same incident and arrest as the two misdemeanor offenses for which he seeks expunction. Aggravated kidnapping is a felony offense. See TEX. PENAL CODE ANN . § 20.04. Under subsection (a)(2)(A)(i), a petitioner is disqualified from receiving an expunction if he fails to show that no felony offense arising out of the same transaction for which he was arrested has been presented against him at any time following the arrest. TEX. CODE CRIM. PROC. ANN . art. 55.01(a)(2)(A)(i). Thus, R.P.'s indictment for a felony offense arising out of the same transaction for the misdemeanors on which he was arrested precludes a grant of expunction on those misdemeanors. See Ex parte Brown , 2018 WL 3977174, at *2-3 (holding that under subsection (a)(2)(A) the petitioner was disqualified for an expunction because his conviction for aggravated robbery arose out of the same transaction as his arrest for capital murder); see also In re D.W.H. , 458 S.W.3d at 104-107 (holding that under subsection (a)(2)(A)(i) the petitioner did not make the necessary showing that no indictment or information charging him with the commission of any felony arising out of the same transaction for which he was arrested had been presented against him where the evidence showed that unregistered firearms forming the basis of a federal weapons charge were discovered in the petitioner's home as a direct result of officers executing search warrants related to a state felony charge of improper relationship between an educator and student).
For the above reasons, we conclude that R.P. has failed to strictly satisfy the requirements of the expunction statute, and the trial court had no power to grant expunction of the records for the offenses of unlawful restraint and assault causing bodily injury to a family member. See In re A.G. , 388 S.W.3d at 761. Accordingly, we sustain the County's sole issue presented for review.
CONCLUSION
We reverse and render judgment denying expunction on R.P.'s offenses of unlawful restraint and assault causing bodily injury to a family member.

After completing its cross-examination of R.P., the County started to mention it had exhibits it wanted to admit but the court instructed counsel to wait and allow R.P.'s counsel to speak. After R.P.'s counsel finished his argument, the County responded with its counter-argument. The trial court then granted R.P.'s petition and closed the hearing without the County having an opportunity to submit any documents.

This case was submitted on the County's brief only without R.P. filing a responsive brief.