**Affirmed and Majority and Dissenting Opinions filed August 13, 2020.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-18-00823-CV

**R.G., Appellant**

**V.**

**HARRIS COUNTY DISTRICT ATTORNEY'S OFFICE, Appellee**

**On Appeal from the 55th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2018-41949**

## M A J O R I T Y   O P I N I O N

Appellant R.G. appeals the denial of his petition for expunction. Because the record supports the trial court's decision that R.G. failed to meet applicable expunction requirements, we conclude that the court did not abuse its discretion. Accordingly, we affirm the trial court's judgment.

## Background

Our record reveals the following limited but undisputed facts. Based on a probable cause affidavit, R.G. was arrested and charged with two counts of injury to a child in 1992. According to the affidavit, R.G.'s three-week-old infant daughter suffered a broken right femur, broken ribs, and a skull fracture. The affidavit further states that R.G. confessed to the affiant that his conduct on or about October 1, 1992, resulted in his daughter's broken leg and that his conduct on or about October 4, 1992, resulted in his daughter's broken ribs.

A single indictment under one cause number (No. 647073) alleged the felony offenses that R.G.:

> on or about OCTOBER 1, 1992 recklessly caused serious physical deficiency and impairment to [the Complainant], a child younger than fifteen years of age, by holding the Complainant by the legs against the rail of a play pen.

### Count II

> . . . on or about OCTOBER 4, 1992, did then and there unlawfully intentionally and knowingly cause serious physical deficiency and impairment to [the Complainant], a child younger than fifteen years of age, by striking the Complainant with his hand.

Based on a plea agreement, the State dismissed the first count, but R.G. pleaded guilty and served community supervision as to the second count. In February 2004, the district court signed an order discharging R.G. from community supervision based on his satisfactory completion of the conditions.

In June 2018, R.G. filed a petition for expunction in civil district court. R.G. sought to expunge the criminal records and files pertaining to the offense alleged in count one of the indictment—the count the State dismissed. R.G. asserted that he was entitled to expunction because "the indictment or information was presented,

2

but the same was subsequently dismissed or quashed on June 16, 1993." The Harris County District Attorney's Office answered with a general denial.

The trial court conducted an oral hearing on R.G.'s petition. R.G. did not offer or present any evidence at the hearing. The district attorney's office requested the court to take judicial notice of the probable cause affidavit, the indictment, the State's motion to dismiss count one, and the order discharging R.G. from community supervision as to count two. All of these records relate to cause number 647073, and the trial court admitted them without objection. During the hearing, the district attorney's office argued that both counts of injury to a child arose out of the "same transaction," which, under the applicable provisions of the expunction statute, meant that R.G. was not entitled to expunction of the dismissed count.

After the hearing, the trial court denied R.G.'s petition. R.G. timely appealed.

## Analysis

R.G. raises one issue: whether the two counts of injury to a child arose from the same transaction and whether he is entitled to expunction as to the count the State dismissed.

### A.    Governing Law and Standard of Review

Expunction is a statutory remedy governed by article 55.01 of the Texas Code of Criminal Procedure. *See Ex parte Scott*, 476 S.W.3d 93, 94-95 (Tex. App.— Houston [14th Dist.] 2015, no pet.). The purpose of the statute is to permit the expunction of records of wrongful arrests. *Harris Cty. Dist. Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex. 1991); *see also In re State Bar*, 440 S.W.3d 621, 624 (Tex. 2014). Even though the statute is contained in a criminal code, an expunction proceeding is civil in nature. *See In re Expunction*, 465 S.W.3d 283, 286 (Tex. App.—Houston [1st Dist.] 2015, no pet.); *Tex. Dep't of Pub. Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.). The

3

petitioner accordingly bears the burden of proving that all statutory requirements have been met. *J.H.J.*, 274 S.W.3d at 806; *see Harris Cty. Dist. Attorney's Office v. Hopson*, 880 S.W.2d 1, 3 (Tex. App.—Houston [14th Dist.] 1994, no writ). Also, because an expunction is a statutory privilege rather than a constitutional or common law right, the statutory requirements are mandatory and exclusive. *See Expunction*, 465 S.W.3d at 286; *J.H.J.*, 274 S.W.3d at 806. The trial court has no power to extend equitable relief beyond the clear meaning of the expunction statute. *See Ex parte Reed*, 343 S.W.3d 306, 308 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

The expunction statute provides, in pertinent part, and with emphasis on the determinative language:

> (a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if . . .
>
> > (2) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Chapter 42A for the offense, . . . provided that:
> >
> > > (A) regardless of whether any statute of limitations exists for the offense and whether any limitations period for the offense has expired, **an indictment** . . . **charging the person with the commission of any felony offense arising out of the same transaction for which the person was arrested**:
> > >
> > > > (i) has not been presented against the person at any time following the arrest . . . or
> > > >
> > > > (ii) if presented at any time following the arrest, was dismissed or quashed, and the court finds that the indictment was dismissed or quashed because: [the person completed a veterans treatment court program, a mental health court program, or a pretrial intervention program;] the presentment had been made because of mistake, false information, or other similar reasons indicating the absence of probable cause at the time of the dismissal to believe the person committed the offense; or [] the

4

indictment was void; or

(B) prosecution of the person for the offense for which the person was arrested is no longer possible because the limitations period has expired.

*See* Tex. Code Crim. Proc. art. 55.01(a)(2)(A), (B) (emphasis added). To meet his burden, R.G. was required to show that he was entitled to expunction under the general conditions of subsection (a)(2), and also was required to prove that the terms of either subsection (a)(2)(A) or (a)(2)(B) were satisfied. *See Collin Cty. Dist. Attorney's Office v. Fourrier*, 453 S.W.3d 536, 540 (Tex. App.—Dallas 2014, no pet.). R.G. attempted to meet the terms of subsection (a)(2)(A). Accordingly, he was required to show that an indictment charging him with any felony offense arising out of the same transaction for which he was arrested either was not presented any time following the arrest, or if presented was dismissed for any reason stated in subsection (a)(2)(A)(ii).

The trial court decided that R.G. failed to meet his burden, and under our standard of review, we must uphold that decision unless the trial court clearly abused its discretion. *State v. T.S.N.*, 547 S.W.3d 617, 620 (Tex. 2018); *see Ex parte Cephus*, 410 S.W.3d 416, 418 (Tex. App.—Houston [14th Dist.] 2013, no pet.). A trial court has no discretion, however, in determining what the law is or applying the law to the facts. *See T.S.N.*, 547 S.W.3d at 620. We therefore review a trial court's legal conclusions under a de novo standard. *Id.* Likewise, construction of a statute is a question of law, which we review de novo. *See id.*

The Code Construction Act controls when interpreting the Texas Code of Criminal Procedure. Tex. Gov't Code §§ 311.001-.006. We analyze statutes "as a cohesive, contextual whole" with the goal of effectuating the legislature's intent and employing the presumption that the legislature intended a just and reasonable result. *T.S.N.*, 547 S.W.3d at 620; *J.T.S.*, 807 S.W.2d at 574. Further, our analysis is limited

5

to application of the plain meaning of the statutory language unless a different meaning is apparent from the context or the plain meaning leads to absurd or nonsensical results. *T.S.N.*, 547 S.W.3d at 621; *see also Willacy Cty. Appraisal Dist. v. Sebastian Cotton & Grain, Ltd.*, 555 S.W.3d 29, 38 (Tex. 2018).

**B.    Application**

R.G. argued in the trial court and argues here that the two counts of injury to a child listed in the indictment did not arise out of the "same transaction" and, thus, an indictment charging him with the commission of any felony arising out of the same transaction for which he was arrested had not been presented against him. *See* Tex. Code Crim. Proc. art. 55.01(a)(2)(A)(i). The district attorney's office contends, on the other hand, that an indictment was presented charging R.G. with the commission of a felony offense alleged in count two, which arose out of the same transaction for which he was arrested. *Id.* art. 55.01(a)(2)(A)(ii). The district attorney's office suggests that subsection (a)(2)(A)(ii) is not satisfied because count two was not dismissed, but rather R.G. pleaded guilty to count two and received community supervision as part of a plea agreement resulting in the dismissal of count one. According to the district attorney's office, article 55.01 embraces an "arrest based" approach, which means that a person is not entitled to have any records of their arrest expunged when any charge stemming from the arrest results in a final conviction. Because R.G. pleaded guilty to count two and served a community supervision sentence, the district attorney's office says the entirety of his arrest records is not eligible for expunction.

Article 55.01 does not define the phrase "same transaction." We have not located and the parties have not cited a Texas Supreme Court or Court of Criminal Appeals decision defining the word "transaction" for purposes of the expunction statute. The current law dictionary definition of "transaction" includes,

"[s]omething performed or carried out" or "[a]ny activity involving two or more persons."  TRANSACTION, Black's Law Dictionary (11th ed. 2019).  In most expunction cases involving multiple charges arising from a single arrest, it is undisputed or clearly shown that the charges are part of the same transaction and thus little discussion is committed to the question.[1]  In one of these cases, the court turned to the meaning of "transaction" as construed under Penal Code section 3.01 applicable to criminal episodes, which can include offenses committed pursuant to the same transaction or multiple transactions.  *Expunction of M.T.*, 495 S.W.3d at 622 (citing Tex. Penal Code § 3.01).  There, the court analyzed article 55.01(a)(1) and its exception in article 55.01(c) regarding acquittals.[2]  The court considered whether a murder offense, on which the petitioner was acquitted, was "committed pursuant to the same transaction" as offenses for aggravated assault with a deadly weapon, on which he was found guilty.  *Id.* at 622.  Referring to Penal Code section 3.01, the court stated, "offenses are committed pursuant to the same transaction . . . when the offenses arise out of a single event or act or closely related events or acts."  *Id*. at 622-23 (citing cases).  The court held that the offenses arose from the same transaction, noting that the petitioner's charges resulted from one incident where he

---

[1] *See, e.g.*, *Ex parte N.T.L.*, No. 13-19-00019-CV, 2019 WL 4019716, at *1 (Tex. App.—Corpus Christi Aug. 27, 2019, no pet.) (mem. op.) (two counts of assault in parking lot); *Ex parte Brown*, No. 14-17-00695-CV, 2018 WL 3977174, at *1 (Tex. App.—Houston [14th Dist.] Aug. 21, 2018, no pet.) (mem. op.) (capital murder and aggravated robbery occurred same day and arose from same transaction); *In Matter of Expunction of M.T.*, 495 S.W.3d 617, 622 (Tex. App.—El Paso 2016, no pet.) (murder and aggravated assault occurred in single incident when defendant struck victims with car); *see also Ex parte Davila*, No. 13-15-00202-CV, 2016 WL 872997 (Tex. App.—Corpus Christi Feb. 18, 2016, no pet.) (mem. op.); *Ex parte Vega*, 510 S.W.3d 544 (Tex. App.—Corpus Christi 2016, no pet.); *Ex parte M.R.L.*, No. 10-11-00275-CV, 2012 WL 763139 (Tex. App.—Waco Mar. 7, 2012, pet. denied) (mem. op.); *Travis Cty. Dist. Attorney v. M.M.*, 354 S.W.3d 920 (Tex. App.—Austin 2011, no pet.) (en banc).

[2] Article 55.01(c) provides in pertinent part that:  "A court may not order the expunction of records and files relating to an arrest for an offense for which a person is subsequently acquitted . . . if the offense for which the person was acquitted arose out of a criminal episode, as defined by Section 3.01, Penal Code, and the person was convicted of . . . at least one other offense occurring during the criminal episode."  Tex. Code Crim. Proc. art. 55.01(c).

struck four individuals with a motor vehicle. *Id*. at 620, 623. The appellant was not entitled to expunction under article 55.01(a)(1). *Id.*

On the other hand, when courts have held or presumed that offenses do *not* arise from the same transaction, the facts have shown that the offenses were entirely unrelated because they occurred months or years apart and involved completely different conduct. *See T.S.N.*, 547 S.W.3d at 618 (offenses of misdemeanor theft by check and aggravated assault with deadly weapon unrelated and occurred years apart); *Ex parte N.B.J.*, 552 S.W.3d 376, 378-79 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (separate offenses occurring months apart did not arise from same transaction).

One case from the Eighth Court of Appeals presents a closer call. *See In re D.W.H.*, 458 S.W.3d 99, 105-07 (Tex. App.—El Paso 2014, no pet.). There, police were alerted that D.W.H. may have been involved in a relationship with a student. Police executed an arrest and search warrant for D.W.H. While searching D.W.H.'s home, officers found a gun safe, a search of which revealed unregistered firearms. *Id*. at 102. The next day, police notified ATF, which conducted a further search pursuant to a warrant and found many items civilians may not legally possess. *Id.* These events led to a state charge for improper relationship between an educator and student and a federal charge for possession of unregistered firearms. *Id*. A state grand jury "no-billed" the improper relationship charge, but D.W.H. pleaded guilty to the federal charge and was placed on probation. *Id*. D.W.H. sought expunction of the state charge, which the trial court denied. On appeal, the issue was whether the charge and conviction for possessing illegal firearms arose out of "same transaction" as his arrest for improper relationship between an educator and student. *Id*. at 104. The court held, over dissent, that the offenses arose from the same transaction because the federal weapons charge arose out of the arrest for the state

charge. *Id.* at 107.[3] Thus, the trial court did not abuse its discretion in ruling that the D.W.H. was not entitled to expunction under article 55.01(a)(2)(A). *Id.* at 107-08.

Though Texas's high courts have not specifically addressed the meaning of "transaction" in article 55.01, the Court of Criminal Appeals has considered the term in other contexts, without settling on any controlling definition. *E.g.*, *Marks v. State*, 560 S.W.3d 169 (Tex. Crim. App. 2018) (holding indictments did not allege the "same conduct, same act, or same transaction" for *Hernandez* tolling purposes) (citing *Hernandez v. State*, 127 S.W.3d 768 (Tex. Crim. App. 2004))[4]; *Rios v. State*, 846 S.W.2d 310, 314 (Tex. Crim. App. 1992) (construing Penal Code section 3.01 in multiple murder case); *Kalish v. State*, 662 S.W.2d 595, 600 (Tex. Crim. App. 1983). At least one judge has observed that a singular definition of "transaction" remains "elusive." *Marks*, 560 S.W.3d at 176 (Yeary, J., dissenting). In *Rios*, the court considered the terms "criminal transaction" and "transaction" under Texas Penal Code section 3.01 in contrasting the difference between a "process" of carrying out multiple murders as distinguished from a "scheme or course of conduct" during which multiple murders are committed:

> what apparently separates a "process . . . of carrying on or carrying out"

---

[3] The dissenting justice would have held that the offenses did not arise out of the same transaction. 458 S.W.3d at 109-13 (Rodriguez, J., dissenting).

[4] In *Marks*, the original indictments charged the defendant with acting as a guard company by providing security services without a license. *Marks*, 560 S.W.3d at 170. The state amended the indictments to allege that the defendant accepted employment as a security officer to carry a firearm without a security officer commission. *Id.* The question was whether the indictments alleged the "same conduct, same act, or same transaction" for *Hernandez* tolling purposes. *See id.* The court held they did not, because, due to the difference in required elements and facts necessary to prove each offense, the original indictment would not have necessarily alerted the defendant that he could be charged with or might have to defend against the charge in the amended indictment. *Id.* at 171. Additionally, the court noted that though the original and amended indictments alleged the same date, they used "on or about" language, "so that it is not at all clear that the same transaction . . . is being alleged." *Id.*

> multiple murders, under § 19.03(a)(6)(A), supra, from a "scheme or course of conduct" during which multiple murders are committed, under § 19.03(a)(6)(B), supra, is the continuity of the killing. In *Vuong v. State*, 830 S.W.2d 929, at 941 (Tex. Cr. App. 1992), we construed "criminal transaction" to embrace facts showing "a continuous and uninterrupted chain of conduct occurring over a very short period of time . . . in a rapid sequence of unbroken events." . . . In another context we have said that "transaction may be understood to be an uninterrupted and continuous sequence of events or assaultive acts." *Rubino v. Lynaugh*, 770 S.W.2d 802, at 804 (Tex. Cr. App. 1989) (internal quotes omitted) (carving doctrine). And in construing "transaction" in another statutory context, we have observed that a "criminal transaction terminates with cessation of conduct—ordinarily in a relatively brief period of time." *Kalish v. State*, 662 S.W.2d 595, at 600 (Tex. Cr. App. 1983).

*Rios*, 846 S.W.2d at 314. In holding the evidence in that case sufficient for a jury to find that appellant committed multiple murders as part of the "same criminal transaction,"[5] the court noted that the two murders occurred sometime within an eight-hour timeframe, the victims were killed in the same manner and with the same weapon, and their bodies were left within a few feet of each other. *Id.*

Informed by the above authority, and without embracing any particular, inflexible definition, we conclude that determining whether multiple offenses arise from the same "transaction" for article 55.01'a purposes involves consideration of circumstance-based factors, particularly the degree of similarity or temporal proximity among the acts or events forming the basis of each charged offense and relevant factual connections between them. *See, e.g.*, *N.T.L.*, 2019 WL 4019716, at *3 (two counts of assault in parking lot involved same conduct); *Brown*, 2018 WL 3977174, at *2-3 (capital murder and aggravated robbery involving similar conduct

---

[5] The Court of Criminal Appeals has not squarely said the terms "same transaction" and "same criminal transaction" mean the same thing. The First Court of Appeals has implicitly treated them synonymously, *Expunction*, 465 S.W.3d at 289, whereas the Eighth Court of Appeals has expressly held the two terms are distinct. *D.W.H.*, 458 S.W.3d at 106.

and occurring same day arose from same transaction); *Expunction of M.T.*, 495 S.W.3d at 622 (two offenses arose out of "closely related events or acts"; murder charge for which appellant was acquitted was part of "same transaction" as four counts of aggravated assault with a deadly weapon of four other individuals for which appellant was convicted); *cf. T.S.N.*, 547 S.W.3d at 618 (offenses of misdemeanor theft by check and aggravated assault with deadly weapon unrelated and occurred years apart); *N.B.J.*, 552 S.W.3d at 378-79 (charges "unrelated" because conduct separated by months and involved different substantive character). The closer two offenses are in character and in time, the more likely they are to arise from the same transaction.

Here, the record reflects that R.G. was arrested, and the grand jury returned a single indictment alleging two counts of similar offenses involving injury to R.G.'s three-week-old daughter. The offenses alleged in support of both counts were based on nearly the same conduct, against the same victim, occurring at most three days apart and potentially occurring the same day.[6] Both alleged offenses thus involved almost identical conduct and were of the same character. While we need not and do not opine how much time must pass between similar offenses before they might be deemed of different transactions, we can say, on this record, that a maximum of three days is not too long.

When viewed in the light most favorable to the trial court's decision, and considering the similar nature of the alleged conduct inflicted upon the same victim together with the relatively short timeframe in which that conduct was alleged to have occurred, we hold that the trial court reasonably could have concluded that both offenses arose out of the "same transaction" for purposes of article 55.01(a)(2)(A).

---

[6] According to the records submitted to the trial court, the indictment's first count occurred "on or before October 1, 1992," and the second count occurred "on or before October 4, 1992."

11

*See, e.g.*, *Brown*, 2018 WL 3977174, at \*3; *Expunction of M.T.*, 495 S.W.3d at 622-23; *see also Matter of Expunction of R.P.*, 574 S.W.3d 641, 645-46 (Tex. App.—El Paso 2019, no pet.) (appellant's failure to establish that felony offense did not arise out of same transaction as misdemeanor offenses he sought expunged disqualified him from expunction of misdemeanor offenses).

Because an indictment was presented against R.G. for a felony offense arising out of the same transaction for which he was arrested, to be entitled to expunction of the records pertaining to the dismissed offense R.G. had to show that count two was dismissed or quashed because of any one of the circumstances listed in article 55.01(a)(2)(A)(ii). R.G. made no showing in this regard in the trial court or in this court. As a matter of law, our record shows that the offense alleged in count two was not dismissed. R.G.'s counsel acknowledged during the hearing that count one of the indictment was dismissed "as part of" the community supervision sentence R.G. received for count two. As well, the dismissal order for count one indicates it was dismissed because R.G. was "convicted in another case or count." Based on the minimal information in our record, the trial court reasonably could have found that R.G. pleaded guilty to count two and was placed on community supervision for that count at least in part in exchange for dismissal of count one.

Several courts have concluded that a party is not entitled to expunction under subsection 55.01(a)(2) of a dismissed charge when, as here, that charge was dismissed as part of a plea agreement as to another charge arising from the same arrest. *See, e.g.*, *Tex. Dep't of Pub. Safety v. F.A.V.*, No. 05-18-00996-CV, 2019 WL 6974758, at \*2-3 (Tex. App.—Dallas Dec. 20, 2019, pet. filed) (mem. op.); *Tex. Dep't of Pub. Safety v. Schuetze*, No. 13-17-00661-CV, 2019 WL 150650, at \*5 (Tex. App.—Corpus Christi Jan. 10, 2019, pet. denied) (mem. op.); *Matter of J.G.*, 588 S.W.3d 290, 291, 294 (Tex. App.—El Paso 2019, no pet.); *Ex parte C.E.A.*, No. 12-17-00311-CV, 2018 WL 1940377, at \*2 (Tex. App.—Tyler Apr. 25, 2018,

no pet.) ("[A] person is not entitled to have any arrest records expunged under Article 55.01(a)(2) when a charge is dismissed, but that dismissal results in community supervision for any charge arising from the same arrest."); *Tex. Dep't of Pub. Safety v. G.B.E.*, 459 S.W.3d 622, 628-29 (Tex. App.—Austin 2014, pet. denied) (en banc); *S.J. v. State*, 438 S.W.3d 838, 846 (Tex. App.—Fort Worth 2014, no pet.) (appellant not entitled to expunction because he was placed on community supervision for a charge arising from the same arrest); *Ex parte M.G.*, No. 10-13-00021-CV, 2013 WL 3972225, at *2 (Tex. App.—Waco Aug. 1, 2013, no pet.); *Rodriguez v. State*, 224 S.W.3d 783, 784-85 (Tex. App.—Eastland 2007, no pet.); *Tex. Dep't of Pub. Safety v. Aytonk*, 5 S.W.3d 787, 788 (Tex. App.—San Antonio 1999, no pet.).

For these reasons, we hold that the evidence supports an implied finding that R.G. is disqualified for an expunction because (1) the two offenses charged in the indictment arose from the same transaction forming the basis of his arrest, and (2) he failed to meet the requirements for expunction under article 55.01(a)(2)(A)(ii). *See* Tex. Code Crim. Proc. art. 55.01(a)(2)(A). Because R.G. failed to meet his burden to show that he met the conditions for expunction, the trial court did not abuse its discretion in denying his petition for expunction. We overrule R.G.'s sole appellate issue.

The judgment of the trial court is affirmed.


/s/ Kevin Jewell
Justice

Panel consists of Justices Christopher, Jewell, and Spain (Spain, J., dissenting).

13