ANN CRAWFORD McCLURE, Chief Justice
The Texas Department of Public Safety brings this restricted appeal challenging the trial court's order of expunction. Because the Department complains of the absence of a reporter's record of the expunction proceedings, we reverse the trial court's judgment and remand for a new hearing.
BACKGROUND
In January 1999, O.T.A. was indicted for committing the offense of engaging in organized criminal activity occurring on or about November 13, 1998. In February 1999, O.T.A. was indicted for the offense of engaging in organized criminal activity occurring on or about November 27, 1998. T.A. pleaded guilty to the lesser-included offense of burglary of a vehicle for the offense alleged in the February 1999 indictment. He consented to deferred adjudication, and the trial court sentenced O.T.A. to two years' deferred-adjudication community supervision.
On September 9, 2015, O.T.A. petitioned the trial court pursuant to article 55.02 of the Texas Code of Criminal Procedure to expunge all records and files arising from his arrest for the offense alleged in the January 1999 indictment. Petitioner O.T.A. identified the Texas Department of Public Safety, among others, as an agency possessing such records, and requested that the Clerk of the Court serve each official, entity, and agency listed in his petition. The Department filed an answer and original denial, as well as special exceptions to the petition for expunction in which it noted that the cited date of incident and date of arrest did not match the offense.
The trial court issued an order which set the petition for expunction for a hearing. The order was faxed to petitioner's counsel, and contained an instruction, "Please give notice to all concerned parties." The trial court issued an order of expunction that contains an alleged date of offense that corresponds to that recited in the January 1998 indictment.
DISCUSSION
The Department brings this restricted appeal and complains that: (1) the trial court misinterpreted the expunction statute to allow records of the arrest to be destroyed when O.T.A. served a term of community supervision for his arrest; (2) O.T.A. failed to satisfy his burden of proving by legally sufficient evidence any of the statutory requirements to entitle him to an *459 expunction; and (3) the trial court erred by failing to hold a hearing and did not have any evidence that would permit the court to rule on the petition for expunction in the absence of a hearing, or alternatively, if the trial court conducted a hearing, the case must be remanded for a new trial because there is no reporter's record of the hearing.
Standard of Review
We review a trial court's ruling on a petition for expunction under an abuse of discretion standard. In re C.F.P. , 388 S.W.3d 326, 328 (Tex.App.-El Paso 2012, no pet.) ; In the Matter of the Expunction of D.R.R. , 322 S.W.3d 771, 772-73 (Tex.App.-El Paso 2010, no pet.). Where the petitioner alleges that he is entitled to an expunction under Article 55.01(a), the trial court has no discretion but to grant the petition if the statutory conditions are satisfied. In re J.O. , 353 S.W.3d 291, 293 (Tex.App.-El Paso 2011, no pet.). A trial court abuses its discretion if it orders an expunction of records despite a petitioner's failure to satisfy all of the statutory requirements. Travis County Dist. Attorney v. M.M. , 354 S.W.3d 920, 929 (Tex.App.-Austin 2011, no pet.) ; Texas Dep't of Pub. Safety v. Fredricks , 235 S.W.3d 275, 281 (Tex.App.-Corpus Christi 2007, no pet.).
However, we review a trial court's interpretation or application of expunction statutes de novo. T.C.R. v. Bell Cty. Dist. Attorney's Office , 305 S.W.3d 661, 668-69 (Tex.App.-Austin 2009, no pet.). "When ... the trial court makes no separate findings of fact or conclusions of law, we draw every reasonable inference supported by the record in favor of the trial court's judgment." S.J. v. State , 438 S.W.3d 838, 841 (Tex.App.-Fort Worth 2014, no pet.), citing Murray v. Murray , 276 S.W.3d 138, 143 (Tex.App.-Fort Worth 2008, pet. dism'd) (citation omitted). "We must then affirm the judgment of the trial court on any legal theory that finds support in the evidence." Id.
The purpose of an expunction statute is to permit the expunction of records of wrongful arrests. Harris Cty. Dist. Attorney's Office v. J.T.S. , 807 S.W.2d 572, 574 (Tex. 1991) ; Travis Cty. Dist. Attorney v. M.M. , 354 S.W.3d 920, 926 (Tex.App.-Austin 2011, no pet.). If a petitioner who has been arrested for the commission of an offense meets all the requirements of Article 55.01 of the Texas Code of Criminal Procedure, then all information about the arrest is removed from the State's records. Tex. Dep't of Pub. Safety v. Nail , 305 S.W.3d 673, 675 (Tex.App.-Austin 2010, no pet.). A petitioner's right to expunction is purely a matter of statutory privilege. Id. While the expunction statute is located in the Texas Code of Criminal Procedure, an expunction proceeding is civil in nature rather than criminal, In re R.R. , 342 S.W.3d 126, 129 (Tex.App.-El Paso 2011, no pet.), and the petitioner bears the burden of showing that all of the statutory requirements have been met. Nail , 305 S.W.3d at 675 ; In re I.V. , 415 S.W.3d 926, 929 (Tex.App.-El Paso 2013, no pet.) (explaining that in statutory cause of action, all provisions are mandatory and exclusive).
The Record on Appeal
To attack the trial court's judgment by restricted appeal, the Department must establish that: (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record.
*460 Ins. Co. of State of Pa. v. Lejeune , 297 S.W.3d 254, 255 (Tex. 2009) (per curiam), quoting Alexander v. Lynda's Boutique , 134 S.W.3d 845, 848 (Tex. 2004) ; see TEX.R.APP.P. 26.1(c), 30.
In this case, the record establishes that the Department timely filed a notice of restricted appeal, was a party to the underlying lawsuit, did not participate in the hearing that resulted in the trial court's order, and did not timely file any post-judgment motions. See Ex parte Locke , No. 06-07-00105-CV, 2008 WL 850153, at *1 (Tex.App.-Texarkana Mar. 28, 2008, no pet.) (mem. op.). We therefore address whether error is apparent on the face of the record.
Error on the Face of the Record
In a restricted appeal, the face of the record consists of all papers on file in the appeal, including the reporter's record. Norman Commc'ns v. Tex. Eastman Co., 955 S.W.2d 269, 270 (Tex. 1997). The absence of legally sufficient evidence to support a judgment is reviewable in a restricted appeal. Norman Commc'ns, 955 S.W.2d at 270.
We have examined the record on appeal. There is no evidence in the record of the basis on which O.T.A. sought to obtain an order of expunction.[1] The petition for expunction asserts that it was brought "pursuant to Article 55.02 of Texas Code of Criminal Procedure[.]" See TEX.CODE CRIM.PROC.ANN. art. 55.02 (West 2018) (Procedure for Expunction). However, the statutory conditions by which a person may be entitled to have all records and files relating to an arrest expunged are identified in article 55.01. See TEX.CODE CRIM.PROC.ANN. art. 55.01 (Right to Expunction). Despite O.T.A's failure to identify in his petition the basis for entitlement to expunction, it is well-settled law that a person is not entitled to an expunction if the person was placed on "court ordered community supervision" under article 42.12 of the Texas Code of Criminal Procedure, including deferred adjudication community supervision. See Tex. Dept. of Pub. Safety v. Moran, 949 S.W.2d 523, 527 (Tex.App.-San Antonio 1997, no writ) ; see also Tex. Dept. of Pub. Safety v. Nail, 305 S.W.3d 673, 683-84 (Tex.App.-Austin 2010, no pet.) ; Tex. Dept. of Pub. Safety v. Jacobs, 250 S.W.3d 209, 211 (Tex.App.-Dallas 2008, no pet.) ; Tex. Dept. of Pub. Safety v. Fredricks, 235 S.W.3d 275, 282 (Tex.App.-Corpus Christi 2007, no pet.).
The Department made a written request for the reporter's record of the expunction hearing in compliance with TEX.R.APP.P. 34.6(b), but the court reporter notified the Court that there is no reporter's record of the hearing. If judgment is rendered after presentation of evidence to the court in the absence of the appellant and its attorney, the failure to have the court reporter present to make a record constitutes reversible error. See Chase Bank of Texas, N.A. v. Harris County Water Control and Improvement Dist. No. 109 , 36 S.W.3d 654, 655 (Tex.App.-Houston [1st Dist.] 2000, no pet.) ; Carstar Collision, Inc. v. Mercury Finance Co., 23 S.W.3d 368, 370 (Tex.App.-Houston [1st Dist.] 1999, pet. denied). The error is not harmless because, without a reporter's record, the appellate court is unable to determine if sufficient evidence was submitted to support the judgment. Chase Bank , 36 S.W.3d at 655-56 ; Carstar , 23 S.W.3d at 370. This rule has been applied to restricted appeals from an expunction order. See *461 Texas Department of Public Safety v. Redding , 11-12-00285-CV, 2013 WL 3203813, at *1 (Tex.App.-Eastland June 20, 2013, no pet.) (mem.op.); Texas Department of Public Safety v. Sowell , No. 11-10-00018-CV, 2011 WL 2718146, at *1 n.1 (Tex.App.-Eastland June 30, 2011, no pet.) (mem.op.); see also Texas Department of Public Safety v. Cantu, No. 04-01-00210-CV, 2002 WL 1021649, at *1 (Tex.App.-San Antonio May 22, 2002, no pet.) (finding no error on face of record where sufficiency of evidence was challenged, and noting that had the Department complained of lack of reporter's record of hearing on petition for expunction, error on the face of the record might have been apparent).
Because the Department has complained of the absence of a reporter's record, we conclude the trial court's order must be reversed, and the cause must be remanded for a new hearing. See Ex Parte Ruiz , 04-11-00808-CV, 2012 WL 2834898, at *1-2 (Tex.App.-San Antonio July 11, 2012, no pet.) (mem.op.)(citing Tex. Dept. of Pub. Safety v. Sowell, No. 11-10-00918-CV, 2011 WL 2718146, at *1 n.1 (Tex.App.-Eastland June 30, 2011, no pet.) (mem.op.). Issue Four is sustained. Because we have sustained Issue Four, we need not address the Department's remaining issues.
CONCLUSION
The trial court's order granting the petition for expunction is reversed, and the cause is remanded to the trial court for a new hearing.

We remain mindful that allegations in a petition seeking expunction are not evidence. In Expunction of R.H. , 510 S.W.3d 143, 147 n.1 (Tex.App.-El Paso 2016, no pet.), citing Ex parte Guajardo , 70 S.W.3d 202, 206 (Tex.App.-San Antonio 2001, no pet.).