GINA M. PALAFOX, Justice
In this restricted appeal, the Texas Department of Public Safety (DPS) appeals the trial court's order granting an expunction of all records relating to J.R.'s arrest, in 2010, for driving while intoxicated. Because the DPS complains of the absence of a reporter's record of the expunction proceedings, we reverse the trial court's judgment and remand for a new hearing.
BACKGROUND
On November 15, 2017, J.R. filed a petition for expunction of records relating to his 2010 arrest for driving while intoxicated. J.R. listed and served the DPS among various other agencies and entities he believed had records concerning his arrest. The DPS responded by filing an answer and general denial. Although not a party to this appeal, the El Paso County Attorney's Office of El Paso County, on behalf of several agencies and entities, filed an answer in which the County Attorney asserted that "[a] review of the records and applicable law leads the [individual agencies and entities represented by the El Paso County Attorney] to conclude that [J.R.] is entitled to the expunction relating to Cause No. 20100C07620 as alleged in the Petition." Thereafter, J.R. filed an amended petition for expunction to include his verification among other minor changes.
A hearing on J.R.'s expunction was set for April 4, 2018, and on that same day, the trial court entered an order granting J.R.'s expunction after having "considered the Petition for Expunction of [J.R.]." The order commanded that the DPS, among other agencies, destroy any records relating to J.R.'s 2010 arrest for DWI. According to a letter from the court reporter made a part of our record, no reporter's record was taken of the expunction hearing.
On September 5, 2018, the DPS filed its *274 notice of restricted appeal.[1]
DISCUSSION
Among four issues presented by this appeal, the DPS argues that a lack of a court reporter's transcription of the hearing on the merits of J.R.'s petition for expunction caused reversible error. Based on our resolution of this issue, we do not reach the remaining issues asserted by the DPS.
Standard of Review
We review a trial court's ruling on a petition for expunction under an abuse of discretion standard. State v. T.S.N. , 547 S.W.3d 617, 620 (Tex. 2018) ; In Matter of Expunction of M.T. , 495 S.W.3d 617, 620 (Tex. App. - El Paso 2016, no pet.). A trial court abuses its discretion if it orders an expunction of records when all the statutory requirements are not satisfied. In Matter of Expunction of M.T. , 495 S.W.3d at 620 ; In re O.R.T. , 414 S.W.3d 330, 332 (Tex. App. - El Paso 2013, no pet.).
Expunction Proceedings
The right to an expunction is neither a constitutional nor common-law right but, rather, a statutory privilege. In Matter of Expunction of M.T. , 495 S.W.3d at 620 ; In re D.W.H. , 458 S.W.3d 99, 104 (Tex. App. - El Paso 2014, no pet.). An expunction cannot be granted unless the statutory requirements are satisfied. In Matter of Expunction of M.T. , 495 S.W.3d at 620 ; In re A.G. , 388 S.W.3d 759, 761 (Tex. App. - El Paso 2012, no pet.). An expunction proceeding is civil in nature, and the petitioner accordingly bears the burden of proving that all statutory requirements have been met. In Matter of Expunction of M.T. , 495 S.W.3d at 620 ; In re A.G. , 388 S.W.3d at 761.
Once a general denial is filed in an expunction proceeding, all facts in a petition for expunction are placed at issue and cannot constitute evidence to support the petition. In re Expunction , 465 S.W.3d 283, 290 (Tex. App. - Houston [1st Dist.] 2015, no pet.) (op. on reh'g); State v. Herron , 53 S.W.3d 843, 847 (Tex. App. - Fort Worth 2001, no pet.).
DPS' Restricted Appeal from the Proceedings Below
To be entitled to a restricted appeal, the DPS must prove: (1) it filed its restricted notice of appeal within six months after the judgment was signed; (2) it was a party to the suit; (3) it did not participate in the hearing that resulted in the complained-of judgment and did not file any post-judgment motions or request findings of fact and conclusions of law; and (4) error is apparent on the face of the record. TEX. R. APP. P. 30 ; Alexander v. Lynda's Boutique , 134 S.W.3d 845, 848 (Tex. 2004) ; Ex parte E.M.P. , 572 S.W.3d 361, 363 (Tex. App. - Amarillo 2019, no pet.). These requirements are jurisdictional and must be met for a party to obtain relief by way of a restricted appeal. Ex parte E.M.P. , 572 S.W.3d at 363 ; Clopton v. Pak , 66 S.W.3d 513, 515 (Tex. App. - Fort Worth 2001, pet. denied). Our review of a restricted appeal is limited to the face of the record and we may not consider extrinsic evidence. Alexander , 134 S.W.3d at 848 ; Ex parte E.M.P. , 572 S.W.3d at 363. The face of the record consists of all the papers that were before the trial court at the time it rendered judgment. Ex parte E.M.P. , 572 S.W.3d at 363 ;
*275 Tex. Dep't of Pub. Safety v. J.B.R. , 510 S.W.3d 610, 617 (Tex. App. - El Paso 2016, no pet.).
In this case, the record establishes that the DPS timely filed a notice of restricted appeal, was a party to the underlying suit, did not participate in the hearing that resulted in the trial court's order, and did not file any post-judgment motions. We therefore address whether error is apparent on the face of the record.
According to the letter received from the court reporter, no reporter's record was made of the hearing on J.R.'s petition for expunction. The trial court's order finds that J.R. is entitled to expunction of his 2010 arrest as provided by Article 55.01(a)(2), Texas Code of Criminal Procedure. Where, as here, the judgment is rendered after presentation of evidence to the court in the absence of the appellant, the failure to have the court reporter present to make a record constitutes reversible error. Matter of O.T.A. , 564 S.W.3d 456, 460 (Tex. App. - El Paso 2018, no pet.) (citing Chase Bank of Tex., N.A. v. Harris Cty. Water Control and Improvement Dist. No. 109 , 36 S.W.3d 654, 655 (Tex. App. - Houston [1st Dist.] 2000, no pet.)). The error is not harmless because, without a reporter's record, the appellate court is unable to determine if sufficient evidence was submitted to support the judgment. Matter of O.T.A. , 564 S.W.3d at 460 ; Chase Bank , 36 S.W.3d at 655-56. Several of our sister courts have held the same. See Tex. Dep't of Pub. Safety v. L.V. , No. 03-17-00809-CV, 2018 WL 3736131, at *3 (Tex. App. - Austin Aug. 7, 2018, no pet.) (mem. op.); Ex parte Ho , No. 06-17-00120-CV, 2018 WL 2071392, at *3 (Tex. App. - Texarkana May 4, 2018, no pet.) (mem. op.); Tex. Dep't of Pub. Safety v. Redding , No. 11-12-00285-CV, 2013 WL 3203813, at *2 (Tex. App. - Eastland June 20, 2013, no pet.) (mem. op.); Ex Parte Ruiz , No. 04-11-00808-CV, 2012 WL 2834898, at *1 (Tex. App. - San Antonio July 11, 2012, no pet.) (mem. op.). And the remedy for such a situation is to remand the matter to the trial court for a new hearing. Matter of O.T.A. , 564 S.W.3d at 461.
Accordingly, we sustain the DPS' fourth issue complaining of the lack of a reporter's record. Having sustained the fourth issue, we need not address the DPS' remaining issues.
CONCLUSION
We reverse the trial court's order granting the petition for expunction and remand the cause to the trial court for a new hearing.

We note that J.R. did not file a brief in this Court; the case was therefore submitted on the Appellant's brief alone.