

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| IN THE MATTER OF THE EXPUNCTION OF | § | No. 08-19-00284-CV |
|  | § | Appeal from the |
|  | § | 171st District Court |
| O.A.T. | § | of El Paso County, Texas |
|  | § | (TC#2015DCV3011) |

**O P I N I O N**

The Texas Department of Public Safety ("the Department") brings this restricted appeal, challenging the trial court's order granting O.A.T's petition for an expunction of criminal records. The core of its complaint is that O.A.T. did not plead or prove a valid statutory ground for granting the expunction. In particular, the Department contends that O.A.T. was not entitled to an expunction for an offense that the State dismissed pursuant to a plea bargain agreement because O.A.T. pled guilty and was placed on community supervision for another offense arising out of the same transaction as the dismissed offense. We agree with the Department, and we therefore reverse the trial court's order.[1]

---

[1] This case was submitted on the Department's brief only since O.A.T. did not file a brief.

# I.  PROCEDURAL AND FACTUAL BACKGROUND

## A.  The Charged Offenses

O.A.T. was arrested on December 7, 1998 on two counts of Engaging in Organized Criminal Activity ("EOCA").  Each count was presented in a separate indictment.  One indictment alleged that O.A.T. committed an EOCA offense on November 13, 1998, and the second indictment alleged an EOCA offense occurring on November 27, 1998.  Both indictments alleged that O.A.T. "[with] intent to establish, maintain and participate in a combination and in the profits of a combination, with [two other individuals], did then and there commit the criminal offense of Burglary of a Vehicle.  The indictments further alleged that the same two individuals participated with O.A.T. as members of the "combination" in the commission of both offenses.

In June of 1999, pursuant to a plea bargain agreement, O.A.T. resolved the November 27th EOCA offense by pleading guilty to the lesser included offense of burglary of a vehicle, a Class A Misdemeanor.  Thereafter, pursuant to the State's motion, the trial court dismissed the indictment charging O.A.T. with the November 13th EOCA offense (the "dismissed EOCA offense").  In the State's motion to dismiss, the prosecutor listed the following two reasons for the motion: (1) "The said defendant was convicted on another case," and (2) "Defendant pled guilty to EOCA indictment 980D11484."  The trial court then placed O.A.T. on community supervision for two years for the November 27th offense pursuant to Section 42.12 of the Texas Code of Criminal Procedure.[2]

---

[2] Section 42.21 of the Code, which has since been repealed and replaced by the provisions found in Chapter 42a of the Code, governed community supervision at the time of O.A.T.'s plea.  *See* Article 42.12.  Repealed by Act of May 26, 2015, 84th Leg., R.S., ch. 770, § 3.01, 2015 TEX.GEN.LAWS 2321, 2395; Act of May 18, 2017, 85th Leg., R.S., ch. 324, §§ 23.012(d), 23.013(d), 23.014(b), 23.015(b), 23.016(h), 23.017(b), 23.018(b), 23.019(b), 23.020(b), 23.021(b), 2015 TEX.GEN.LAWS 840, 964; Act of May 22, 2017, 85th Leg., R.S., ch. 877, § 11(a), 2017 TEX.GEN.LAWS 3646, 3651.

## B. The Petition for Expunction

On September 9, 2015, after the statute of limitations had run on the dismissed EOCA offense, O.A.T. filed a Petition for Expunction requesting expunction of all records pertaining to the dismissed EOCA offense. The petition alleged that the State had "finally dismissed" the charge against him. The Department opposed the petition, contending, among other things, that because both EOCA offenses arose from the same arrest and were part of the same "transaction," O.A.T. was ineligible for an expunction under the expunction statute. The trial court initially granted the Petition and the Department appealed the trial court's decision. We reversed and remanded that expunction order based on the absence of a reporter's record of the expunction proceedings. *See Matter of O.T.A.*, 564 S.W.3d 456, 461 (Tex.App.--El Paso 2018, no pet.).[3] On remand, the trial court held a second expunction hearing, which was duly reported, and at the conclusion of the hearing upheld its original decision to grant the expunction.

## II. DISCUSSION

In one issue, the Department contends that the trial court erred in granting the expunction, contending that the Texas expunction statute expressly prohibits the expunction of a dismissed offense when the petitioner received community supervision for another offense arising (1) out of the same arrest, and (2) the same transaction as the dismissed offense. And in turn, the Department contends that both of the EOCA offenses arose from the same arrest and the same transaction. Although our analysis differs in some respects from the approach that the Department takes, we nevertheless agree that the trial court lacked the authority to grant the expunction.

---

[3] We note that at the time of the first appeal, O.A.T. used the initials "O.T.A.," but now uses the initials "O.A.T."

## A.  Standard of Review

A trial court's ruling on a petition for expunction is generally reviewed for an abuse of discretion.  *See State v. T.S.N.*, 547 S.W.3d 617, 620 (Tex. 2018); *see also Matter of Expunction of R.P.*, 574 S.W.3d 641, 643 (Tex.App.--El Paso 2019, no pet.).  Under the abuse of discretion standard, appellate courts afford no deference to the trial court's legal determinations because a trial court has no discretion in deciding what the law is or in applying it to the facts; therefore, to the extent a ruling on an expunction turns on a question of law, we review the trial court's ruling de novo.  *See T.S.N.*, 547 S.W.2d at 620; *see also Matter of R.P.*, 574 S.W.3d at 643 (recognizing that an appellate court reviews a trial court's legal conclusions in expunction proceedings de novo).

## B.  Applicable Law

A petitioner's right to expunction is purely a matter of statutory privilege.  *See Matter of O.T.A.*, 564 S.W.3d at 459; *see also Matter of A.H.*, 580 S.W.3d 841, 846 (Tex.App.--El Paso 2019, no pet.).  Expunctions in Texas are governed by Article 55.01 of the Texas Code of Criminal Procedure.  *See T.S.N.*, 547 S.W.3d at 620, *citing* TEX.CODE CRIM.PROC.ANN. art. 55.01. Although the expunction statute is found in the Code of Criminal Procedure, an expunction proceeding is considered a civil cause of action.  *See Matter of O.T.A.*, 564 S.W.3d at 459, *citing T.S.N.*, 547 S.W.3d at 619 (recognizing the civil nature of expunction proceedings).

Further, because a cause of action for expunction is statutory in nature, all conditions in the statute are considered mandatory, and therefore, all conditions listed in the statute must be met before a person is entitled to expunction.  *See Matter of O.T.A.*, 564 S.W.3d at 459, *citing In Matter of Expunction of A.M.*, 511 S.W.3d 591, 594 (Tex.App.--El Paso 2015, no pet.).  When a party holding criminal records opposes a petition for expunction, the petitioner carries the burden to affirmatively meet all the conditions in the expunction statute.  *See Matter of A.H.*, 580 S.W.3d at 847; *see also In re D.W.H.*, 458 S.W.3d 99, 104 (Tex.App.--El Paso 2014, no pet.).  Thus, a

trial court abuses its discretion if it orders an expunction of records despite a petitioner's failure to satisfy all the statutory requirements. *See Matter of O.T.A.*, 564 S.W.3d at 459.

The expunction statute covers two distinct situations--one where the arrested person is acquitted of or pardoned for the charge, and the other where the person has the charge dismissed or plea bargained. Expunction based on an acquittal or pardon is governed by Article 55.01(a)(1) and expunction based on a dismissal or plea bargain is governed by Article 55.01(a)(2). Each of those subsections have detailed provisions.

In this case, O.A.T. sought expunction under the dismissal provisions of Article 55.01(a)(2) which provide:

> (a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:
> . . .
>
> (2) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Chapter 42A for the offense, unless the offense is a Class C misdemeanor, provided that:
>
> (A) . . . an indictment or information charging the person with the commission of a misdemeanor offense based on the person's arrest or charging the person with the commission of any felony offense arising out of the same transaction for which the person was arrested:
>
> (i) has not been presented against the person at any time following the arrest . . . or
>
> (ii) if presented at any time following the arrest, was dismissed or quashed, and the court finds that the indictment or information was dismissed or quashed because: (a) the person completed a veterans treatment court program . . . (b) the person completed a mental health court program . . . (c) the person completed a pretrial intervention program . . . (d) the presentment [of the indictment] had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense; or (e) the indictment or information was void, or

5

(B) prosecution of the person for the offense for which the person was arrested is no longer possible because the limitations period has expired.

TEX.CODE CRIM.PROC.ANN. art. 55.01(a)(2)(A)(i)(ii), 55.01(a)(2)(B).

The subsection is broken into two distinct parts. The first portion sets out the requirements that the *dismissed* charge must meet in order to be expunged, i.e., the charge must not have resulted in a final conviction, must no longer be pending, and there must not have been any court-ordered supervision for that offense. TEX.CODE CRIM.PROC.ANN. art. 55.01(a)(2)(A). These requirements apply only to the offense to be expunged, and not to any other charges that are, or may have been, pending against the petitioner, even if those charges arose out of the same arrest. *Ex parte N.B.J.*, 552 S.W.3d 376, 383 (Tex.App.--Houston [14th Dist.] 2018, no pet.) (pointing out that this portion of the expunction statute conditions relief on the bases that the charge has not resulted in a final conviction and that there was no court-ordered community supervision for the offense.).

The second portion of the subsection addresses those situations where a petitioner faces multiple charges stemming from a single arrest. First, if no information or indictment has been filed on one of the other charges, the petitioner is still entitled to an expunction for the dismissed charge. TEX.CODE CRIM.PROC.ANN. art. 55.01(a)(2)(A)(i). On the other hand, if either an information or indictment was filed against the petitioner with regard to one of the other charges, the statute provides that the petitioner is *not* entitled to an expunction if (1) the indictment or information charges the "commission of a misdemeanor offense based on the person's arrest," or (2) an indictment or information was filed charging "the commission of any felony offense arising out of the same transaction for which the person was arrested."[4] *See id.* at 55.01(a)(2)(A)(ii).

---

[4] Although not at issue in the present case, the statute also provides that if the State never filed an information or indictment against the petitioner for the other charges, he would be entitled to an expunction of the dismissed charge if a certain amount of time has passed from the date of the arrest, or alternatively, if the State's attorney certifies that the arrest records are no longer needed for any purpose. TEX.CODE CRIM.PROC.ANN. art. 55.01(a)(2)(A)(i)(a)-(d).

6

Nevertheless, a petitioner can still receive an expunction even if an indictment or information for another charge was filed against him, if that indictment or information was dismissed due to the petitioner's participation in one of the programs listed in the statute, or, alternatively, if the indictment or information was quashed because it had been filed due to a mistake or lack or probable cause, or because it was "void." *Id.*

## C. Application

The Department does not contest that the dismissed EOCA charge met the preliminary Article 55.01(a)(2)(A) requirements for the expunction statute: O.A.T. did not suffer a final conviction for *that* charge, was not placed on community supervision for *that* charge, and he is no longer subject to prosecution for *that* charge as the statute of limitations has run on it. Therefore, O.A.T. would be entitled to an expunction for the dismissed EOCA charge, unless one of the exceptions set forth in the second portion of the subsection applies to his case.

And here, the Department focuses on the other charge for which O.A.T. received deferred adjudication. The Department contends the disposition of that other EOCA charge precludes an expunction on the dismissed EOCA for two reasons. First, the Department raises the "arrest-based" versus "charge-based" issue that has dominated much of the litigation over the expunction statute. The Department contends that Article 55.01(a)(2) is "arrest-based" meaning that if a person is arrested on multiple charges, the person would need show that each charge meets one of the predicates for expunction. Stated otherwise, it is an all or nothing proposition. This Court expressed the rationale for that view, stating that "the primary purpose of the expunction statute is to permit the expunction of wrongful arrest records" and that "[w]hen a defendant admits guilt to an offense arising out of an arrest, he concedes that the arrest was not wrongful for purposes of the expunction statute." *In re O.R.T.*, 414 S.W.3d 330, 335 (Tex.App.--El Paso 2013, no pet.). And

7

the "arrest-based" model would preclude relief here, because O.A.T. was arrested once, but on two felony indictments. For one of those indictments, he was placed on community supervision, which precludes expunction.

But the Texas Supreme Court has rejected the "arrest-based" model under Article 55.01(a)(1)--the acquittal/pardon portion of the statute--which gives us pause about using an "arrest-based" model in Article 55.01(a)(2). *See, e.g.*, *T.S.N.*, 547 S.W.3d at 623 (the Texas expunction statute is "neither entirely arrest-based nor offense-based."). In *T.S.N.* the petitioner was arrested at the same time for the offense of assault with a deadly weapon, for which he was ultimately acquitted, and an unrelated theft offense for which he was convicted. In interpreting the expunction statute, the court declined to follow an entirely arrest-based approach, which would have prevented the petitioner from receiving a partial expunction of his arrest records with respect to the acquitted offense. Instead, the court held that when a petitioner is arrested on two "unrelated" charges at the same time, and is acquitted on one but convicted of the other, he is nevertheless still entitled to a partial expunction of his records for the acquitted offense. *Id*. at 622-624.

This Court recognized that most courts of appeals had applied the "arrest-based" model to subsection (a)(2)--the dismissal/plea bargain provision--before *T.S.N.* had been decided. *See Matter of J.G.*, 588 S.W.3d 290, 293 (Tex.App.--El Paso 2019, no pet.) (collecting cases). But we emphasized that those decisions were pre-*T.S.N.* and we expressly withheld judgment on the ultimate question of whether subsection (a)(2) is charge-based or arrest-based. *Id*. at 294.[5] We

---

[5] The Court in *T.S.N* also declined to express any opinion on whether it would interpret Section 51.01(a)(2)(A), noting the different requirements set forth in that portion of the expunction statute. *T.S.N.*, 547 S.W.3d at 623. A number of courts of appeals have continued, however, to apply the arrest-based model to Article 55.01(a)(2). *See Ex parte Burton*, No. 04-17-00440-CV, 2018 WL 6624902, at *3 (Tex.App.--San Antonio Dec. 19, 2018, no pet.) (mem. op., not designated for publication) (holding that subsection (a)(2) is arrest-based and that a person seeking expunction must meet the requirements of Article 55.01(a)(2) for all charges arising from the same arrest); *Matter of Hoover*, No. 05-16-01363-CV, 2018 WL 2926143, at *3 (Tex.App.--Dallas June 7, 2018, pet. denied) (mem. op., not designated for publication) (concluding that Article 55.01(a)(2) "maintains an arrest as the unit of expunction and that,

did not need to reach the question in *Matter of J.G.* because three separate charges were brought against the petitioner arising out of one arrest. The petitioner had pled guilty to one of the charges and the others were dismissed as part of the same plea bargain. *Id.* Thus "even under a charge-based framework, pleading guilty or obtaining community supervision as to one charge prevents expunction as to other related charges that were otherwise disposed of in a plea deal." *Id.*

We follow much the same rationale here because we conclude that O.A.T. was arrested on two EOCA indictments charging him with felony offenses "arising out of the same transaction." Article 55.01 does not define the phrase "arising out of the same transaction." *In re D.W.H.*, 458 S.W.3d at 105. However, for purposes of the expunction statute, we have held that two offenses meet this criterion if they arose "out of a single event or act or closely related events or acts." *See In Matter of Expunction of M.T.*, 495 S.W.3d 617, 622-24 (Tex.App.--El Paso 2016, no pet.). More importantly, we have also held that the two offenses need not be committed on the same day to be considered part of the same transaction, if they were committed pursuant to a continuing "fact pattern." [6] *See e.g.*, *Matter of Expunction of J.B.*, 564 S.W.3d 436, 441 (Tex.App.--El Paso 2016, no pet.) (where petitioner was charged with assault occurring on one day, together with retaliation against a witness to the assault occurring the next day, the court concludes the second

---

consequently, a petitioner must prove that each charge arising from the arrest satisfies the requirements" of Article 55.01(a)(2)."); *Ex parte F.M.J.*, No. 13-19-00398-CV, 2020 WL 4382011, at *3 (Tex.App.--Corpus Christi July 30, 2020, no pet. h.) (mem. op, not designated for publication) (interpreting 55.01(a)(2) as being "arrest-based"); *Ex parte C.E.A.*, No. 12-17-00311-CV, 2018 WL 1940377, at *2 (Tex.App.--Tyler Apr. 25, 2018, no pet.) (mem. op.) ("a person is not entitled to have any arrest records expunged under Article 55.01(a)(2) when a charge is dismissed, but that dismissal results in community supervision for any charge arising from the same arrest."); *but see Ex parte N.B.J.*, 552 S.W.3d 376, 384 (Tex.App.--Houston [14th Dist.] 2018, no pet.) (rejecting the Department's proposed arrest-based approach to expunctions of dismissed offenses under Article 55.01(a)(2), and instead looking to the language of the statute itself in determining when a petitioner is entitled to an expunction of a dismissed offense).

[6] Our opinion in *J.G.* was based on an interpretation of the term, "criminal episode," as used in Section (c) of the expunction statute, which defers to the definition of criminal episode set forth in Section 3.01 of the Penal Code. TEX.CODE CRIM.PROC.ANN. art. 55.01(c). In turn, Section 3.01 defines a criminal episode, in relevant part, as the "commission of two or more offenses if: (1) the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan." *Matter of Expunction of J.B.*, 564 S.W.3d 436, 440 (Tex.App.--El Paso 2016, no pet.), *citing* TEX.PENAL CODE ANN. § 3.01.

offense was committed as part of the same criminal episode because it "was a continuation of the same fact pattern."), *citing Crunk v. State*, No. 13-07-00712-CR, 2009 WL 2973474, at *9 (Tex.App.--Corpus Christi Sept. 17, 2009, pet. ref'd) (mem. op., not designated for publication) (holding that a defendant's murder offense and his tampering with the evidence offense, which occurred the next day, were committed pursuant to the "same transaction" given their continuing nature).

As set forth above, O.A.T. was arrested and indicted for two counts of the felony offense of Engaging in Organized Criminal Activity. Section 71.02 of the Penal Code provides that a person commits an EOCA offense if the person, "with the intent to establish, maintain, or participate in a combination or in the profits of a combination . . . the person commits or conspires to commit one or more" of the offenses enumerated therein, including the offense of burglary of a vehicle. TEX.PENAL CODE ANN. § 71.02(a). In turn, the Code defines a "combination" as "three or more persons who collaborate in carrying on criminal activities." *Id.* § 71.01(a). The Code also defines the term, "conspires to commit" to mean that "a person agrees with one or more persons that they [will] engage in conduct that would constitute the offense and [they] perform an overt act in pursuance of the agreement." *Id.* § 71.01(b). The Texas Court of Criminal Appeals has recognized that, given these definitions, an EOCA offense necessarily contemplates that a defendant must have intended to participate in a "continuing course of criminal activities," and must have agreed to engage in such ongoing activities, along with the other members of the combination. *See Hart v. State*, 89 S.W.3d 61, 63 (Tex.Crim.App. 2002) (en banc), *citing Nguyen v. State*, 1 S.W.3d 694, 697 (Tex.Crim.App. 1999) (en banc); *see also Smith v. State*, 500 S.W.3d 685, 690-91 (Tex.App.--Austin 2016, no pet.) (in order to satisfy the combination element, the State must prove there was "an agreement to act together in [a] continuing course of activity."); *see also O'Brien v. State*, 544 S.W.3d 376, 390, 395 (Tex.Crim.App. 2018) (recognizing that the

10

"gravamen of the offense of engaging in organized criminal activity is a circumstance surrounding the conduct, namely the existence or creation of a combination that collaborates in carrying on criminal activities.").

By charging O.A.T. with two counts of EOCA, alleging that he participated with the same "combination," in committing the same underlying offenses two weeks apart, the State was in effect alleging that the O.A.T. had agreed with these other two individuals to participate in an ongoing course of criminal activities. And the fact that O.A.T. committed more than one offense with this same combination would have been integral to the State's ability to prove that O.A.T. agreed with the other individuals in the "combination" to participate in an ongoing course of criminal activity. *Compare Smith v. State*, 500 S.W.3d 685, 697 (Tex.App.--Austin 2016, no pet.) (jury could have inferred from the fact that defendant and other individuals committed multiple drug offenses together that they had an agreement to engage in a continuing course of criminal activity for purposes of finding defendant guilty of an EOCA offense) *with Roberson v. State*, 311 S.W.3d 642, 648 (Tex.App.--Eastland 2010, no pet.) (holding that "proof of a single ad hoc effort is insufficient" to allow a jury to infer intent to participate in a combination).

We therefore conclude that the EOCA indictment to which O.A.T. pled guilty alleged that he had committed a felony offense "arising out of the same transaction" for which O.A.T. was arrested with respect to the dismissed EOCA offense for which he sought expunction. And because the EOCA indictment to which O.A.T. pled guilty was not dismissed for any of the reasons listed in the expunction statute, this precluded O.A.T. from receiving an expunction. Accordingly, we conclude that the trial court abused its discretion in granting the expunction.

The Department's Issue is Sustained.

## III. CONCLUSION

Because O.A.T. did not come forward with legally sufficient evidence to support his

11

entitlement to an expunction under any of the applicable provisions in the expunction statute, we conclude that the trial court erred in granting his petition for an expunction. We therefore reverse the trial court's order and render judgment denying the expunction.

JEFF ALLEY, Chief Justice

August 31, 2020

Before Alley, C.J., Rodriguez, and Palafox, JJ.