

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00434-CV

_____

EX PARTE C.A.

On Appeal from the 16th District Court
Denton County, Texas
Trial Court No. 19-8822-16

Before Kerr, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

## Introduction

The Texas Department of Public Safety appeals an order expunging C.A.'s January 14, 2015 arrest. In four issues, the Department argues: (1) legally insufficient evidence supports the expunction order; (2) to grant C.A. relief, the trial court necessarily misinterpreted the relevant statute; (3) the trial court erred by not holding a hearing; and (4) assuming the trial court held a hearing, error occurred because no court reporter was present. The only parties who apparently appeared at the expunction hearing, C.A. and the Denton County District Attorney's office, have not filed a response.

We hold that (1) the evidence is presumed legally sufficient absent a reporter's record; (2) the statute on which the Department relies was relevant only if the Department was present at the hearing to argue it and to present evidence supporting it, but the Department was not present, so the statute was not relevant; (3) the trial court held a hearing; and (4) the Department did not preserve its contention that the absence of a court reporter at the hearing constituted error. We overrule the Department's four issues and affirm the trial court's expunction order.

## Background

### A. C.A. files her petition.

C.A. filed her expunction petition on September 16, 2019. Regarding her January 14, 2015 arrest, C.A. alleged:

3. Petitioner is entitled to an expunction of all records and files relating to said alleged offense of Possession of a Controlled Substance, Penalty Group 3, less than 28 grams under Article 55.01(a)(2) of the Texas Code of Criminal Procedure, because an indictment or information was presented, but the same was subsequently dismissed. Petitioner further states that [s]he has been released, that the charge has not resulted in a final conviction and is no longer pending, and that there was no court-ordered community supervision under Article 42.12 of the Texas Code of Criminal Procedure.

4. Petitioner has not been convicted of a felony in the five years preceding the date of said arrest.

Although these paragraphs appear to track an older version of the expunction statute found in Article 55.01 of the Texas Code of Criminal Procedure, the Department did not raise with the trial court any problems with C.A.'s petition, nor does it argue on appeal that C.A.'s petition was deficient on this basis.[1]

---

[1]When C.A.'s paragraphs 3 and 4 are compared with earlier versions of Article 55.01, they reflect a since-repealed version. *See McCarroll v. Tex. Dep't of Pub. Safety*, 86 S.W.3d 376, 378–79 (Tex. App.—Fort Worth 2002, no pet.). The legislature removed the version on which C.A. seemingly relied and enacted a different version effective September 1, 2011. *See* Act of May 27, 2011, 82nd Leg., R.S., ch. 690, §§ 1, 8, art. 55.01(a), 2011 Tex. Sess. Law Serv. 1651, 1651, 1655 (current version at Tex. Code Crim. Proc. art. 55.01(a)); Act of May 27, 2011, 82nd Leg., R.S., ch. 894, §§ 1, 4, art. 55.01(a), 2011 Tex. Sess. Law Serv. 2274, 2274, 2276 (current version at Tex. Code Crim. Proc. art. 55.01(a)). Since 2011, the legislature has revised the statute but has maintained the same framework. *See* Act of May 26, 2015, 84th Leg., R.S., ch. 770, § 2.23, art. 55.01(a), 2015 Tex. Sess. Law Serv. 2320, 2372 (current version at Tex. Code Crim. Proc. art. 55.01(a)); Act of May 27, 2017, 85th Leg., R.S., ch. 693, § 1, art. 55.01(a), 2017 Tex. Sess. Law Serv. 3083, 3083 (current version at Tex. Code Crim. Proc. art. 55.01(a)); Act of May 26, 2019, 86th Leg., R.S., ch. 1212, § 19, art. 55.01(a), 2019 Tex. Sess. Law Serv. ____ (current version at Tex. Code Crim. Proc. art. 55.01(a)).

**B. C.A. serves the Department and notifies it of the hearing.**

On September 19, 2019, three days after C.A. filed her petition, C.A. served the Department notice of an October 30, 2019 hearing. In its brief, the Department acknowledges having received notice.

---

Under the current version of Article 55.01(a), C.A.'s paragraph 4 plays no role at all and C.A.'s paragraph 3 corresponds most nearly to an expunction under Article 55.01(a)(2)(B):

> (a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:
>
> . . .
>
> (2) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Chapter 42A for the offense, unless the offense is a Class C misdemeanor, provided that:
>
> . . .
>
> (B) prosecution of the person for the offense for which the person was arrested is no longer possible because the limitations period has expired.

Tex. Code Crim. Proc. Ann. art. 55.01. C.A. did not expressly assert that the limitations period had expired, but the arrest occurred in January 2015, and she filed her expunction petition in September 2019. The offense associated with the arrest that she wanted expunged was a Class A misdemeanor, which has a limitations period of two years. *See* Tex. Code Crim. Proc. Ann. art. 12.02(a); Tex. Health & Safety Code Ann. § 481.117(b).

4

**C. The Department files an answer that goes beyond a general denial.**

One week before the October 30, 2019 hearing, the Department filed its "Original Answer & General Denial." Ranging beyond a simple general denial, the Department asserted that C.A. was not entitled to an expunction because in a later criminal proceeding, she had allegedly admitted committing the offense for which she was arrested in January 2015 as part of a plea in bar under Section 12.45 of the Texas Penal Code. That section permits a defendant to admit an unadjudicated offense for sentencing purposes in another criminal proceeding and bars the State from later prosecuting the defendant for the unadjudicated-but-admitted offense.[2] The Department pleaded that when a person admits guilt as part of a plea in bar under Section 12.45, the person concedes that the underlying arrest was proper for

---

[2]Section 12.45 ("Admission of Unadjudicated Offense") provides,

(a) A person may, with the consent of the attorney for the state, admit during the sentencing hearing his guilt of one or more unadjudicated offenses and request the court to take each into account in determining sentence for the offense or offenses of which he stands adjudged guilty.

(b) Before a court may take into account an admitted offense over which exclusive venue lies in another county or district, the court must obtain permission from the prosecuting attorney with jurisdiction over the offense.

(c) If a court lawfully takes into account an admitted offense, prosecution is barred for that offense.

Tex. Penal Code Ann. § 12.45.

5

expunction purposes.[3] *See Travis Cty. Dist. Atty. v. M.M.*, 354 S.W.3d 920, 926–28 (Tex. App.—Austin 2011, no pet.).

**D. The trial court conducts an evidentiary hearing and signs an order.**

On October 30, 2019, the same date as the hearing, the trial court signed an expunction order that began:

> On this 30th day of October[] 2019, came to be heard the above numbered Petition for Expunction of Records. Petitioner appeared with counsel and the Denton County District Attorney appeared. All requirements of law concerning notice to the other parties have been comp[li]ed with and it appearing to the Court that it has jurisdiction over this cause and all parties entitled to notice of these proceedings have received the same, the Court proceeded to hear evidence on this cause. After the presentation of evidence, it is the decision of the court that petitioner is entitled to have [her] records expunged, as provided by law.

An assistant district attorney signed the expunction order and agreed with both its form and content. The order does not identify the Department as appearing, and the Department admits in its brief that it did not.

**E. The Department files a timely notice of appeal and a timely request for the reporter's record.**

Twenty-eight days after the trial court signed the expunction order, the Department filed a timely notice of appeal and request for the reporter's record. *See* Tex. R. App. P. 26.1, 34.6(b)(1). Within the latter, the Department stated that it did not know whether a hearing had taken place on the record:

---

[3]The Department attached unsworn copies of documents relating to its plea-in-bar defense.

The Texas Department of Public Safety is appealing this case to the Second Court of Appeals at Fort Worth, Texas. The Order of Expunction was signed by the trial court on October 30, 2019. The Department was not present at a hearing on this matter[] and does not know if a hearing was held on the record. The Department requests a transcription be made of the hearing, which was scheduled for October 30, 2019.

The court reporter responded that no hearing record was made. In its later-filed docketing statement, the Department acknowledged that there was no reporter's record.

## Standard of Review

An expunction proceeding is a civil matter despite the fact that the expunction statute appears in the Texas Code of Criminal Procedure. *Ex parte Green*, 373 S.W.3d 111, 113 (Tex. App.—San Antonio 2012, no pet.); *see* Tex. Code Crim. Proc. art. 55.01. We review a trial court's expunction ruling for an abuse of discretion. *Green*, 373 S.W.3d at 113. A trial court abuses its discretion if it acts without reference to any guiding rules or principles. *Id.* To the extent an expunction ruling turns on a question of law, we review the ruling de novo because a trial court has no discretion in determining what the law is or in applying the law to the facts. *Id.* Thus, if a trial court misapplies or misinterprets the law, it abuses its discretion. *Id.*

## Sufficiency of the Evidence

In the Department's first issue, it attacks the legal sufficiency of the evidence supporting the expunction order. The Department argues that because it filed an answer, the trial court could not decide the case on the pleadings but had to hear

evidence to grant C.A. relief. As a general legal proposition, the Department is correct.

If this were a no-answer default judgment, the non-answering party would be deemed to have admitted all properly pleaded facts. *Rouhana v. Ramirez*, 556 S.W.3d 472, 476–77 (Tex. App.—El Paso 2018, no pet.) (citing *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979)); *In re K.B.A.*, 145 S.W.3d 685, 690 (Tex. App.—Fort Worth 2004, no pet.). But when a defendant has answered, its non-appearance at trial does not constitute an abandonment of the defendant's answer, and it is not an implied confession of any issues joined by that answer. *Rouhana*, 556 S.W.3d at 477; *K.B.A.*, 145 S.W.3d at 690. In such a situation, then, the plaintiff must offer evidence and prove its case as in a trial for any contested issue. *Rouhana*, 556 S.W.3d at 477 (citing *Stoner*, 578 S.W.2d at 682); *K.B.A.*, 145 S.W.3d at 690. A judgment cannot be entered on the pleadings themselves. *Rouhana*, 556 S.W.3d at 477.

The order here shows that C.A. did not rest on her pleadings but actually presented evidence. Without a reporter's record of the hearing, we cannot assess evidentiary sufficiency and must instead presume that sufficient evidence supports the trial court's findings. *Ex parte V.T.C.*, 593 S.W.3d 431, 434 (Tex. App.—San Antonio 2019, no pet.) (op. on reh'g).

We overrule the Department's first issue.

**Application of Statute**

In the Department's second issue, it maintains that in granting C.A. relief, the trial court necessarily misinterpreted the expunction statute. For this issue, the Department relies solely on the position asserted in its answer: C.A. escaped prosecution for the offense for which she was arrested on January 14, 2015 only by admitting—in a separate criminal proceeding and as part of a Section 12.45 plea in bar—that she had committed that offense, something that, for expunction purposes, defeats her requested relief. *See M.M.*, 354 S.W.3d at 926–28.

**A. Without a reporter's record, we presume the evidence presented at the hearing supported the trial court's ruling.**

But the Department's argument assumes that the trial court had some sort of evidence before it about the plea in bar. Without a reporter's record, we cannot indulge this assumption. *See V.T.C.*, 593 S.W.3d at 434. Indeed, without a reporter's record, we assume the opposite: that the trial heard evidence entitling C.A. to expunction of the January 2015 arrest. *See id.*

**B. The plea-in-bar issue was the Department's to prove, not C.A.'s.**

The Department next asserts that C.A., as the petitioner, had the burden of proving compliance with the expunction statute. *See McCarroll*, 86 S.W.3d at 378. Once again though, without a reporter's record, we presume that the trial court's ruling is consistent with C.A.'s having proved compliance. *See V.T.C.*, 593 S.W.3d at

434. The plea-in-bar scenario was extraneous to C.A.'s pleadings; that is, the statute does not require a petitioner to prove the *absence* of any plea in bar.

Although the Department faults C.A. for not addressing the Section 12.45 argument that it had raised in its answer and that would have defeated C.A.'s petition, the Department chose not to appear at the hearing to put into evidence something that strikes us as conceptually akin to proving up a Rule 94 affirmative defense. *See* Tex. R. Civ. P. 94. In some ways, the Department's answer implicitly recognizes this by including both a general denial and its Section 12.45 argument (and by attaching unverified documents). In the usual situation—and we see no reason to view this situation differently—an affirmative defense defeats a plaintiff's claim without regard to the truth of the plaintiff's assertions and places the burden of proof on the defendant to present sufficient evidence to establish the defense. *Philadelphia Indem. Ins. Co. v. White*, 490 S.W.3d 468, 485 (Tex. 2016). Thus, because the trial court scheduled and held an evidentiary hearing, the Department bore the burden of proving that C.A. had entered a plea in bar under Section 12.45 in another criminal proceeding and that the plea in bar defeated her expunction petition. *See M.M.*, 354 S.W.3d at 926–28. Although the Department attached documents to its answer, without a reporter's record, nothing shows us that anyone advocated the

Department's position or attempted to prove up those documents as part of the expunction hearing.[4]

In addition, the trial court could not properly have taken judicial notice of the Department's plea-in-bar-related documents because they were not certified copies. *See, e.g., Ex Parte Wilson*, 224 S.W.3d 860, 863–64 (Tex. App.—Texarkana 2007, no pet.) (remanding expunction denial, entered without a hearing, in which trial court relied on another court's records and holding that although judicial records can be judicially noticed, they "have not been deemed so easily ascertainable that no proof is required; they are to be established by introducing into evidence authenticated or certified copies" of such records). This principle supports, at least tacitly, our conclusion that a plea in bar is procedurally much like an affirmative defense on which the Department bore the burden of proof.

We overrule the Department's second issue.

### Hearing

In the Department's third issue, it complains that the trial court erred by not holding a hearing. The record not only does not support the Department's assertion, it directly refutes it.

The Department does not quarrel with having received notice of an October 30, 2019 hearing for which it later requested a reporter's record. Most important, the

---

[4]As we noted, the district attorney's office signed off on the expunction order in form and in substance.

expunction order recites that the trial court "proceeded to hear evidence on this cause" on October 30, 2019. "Under the presumption of regularity of judgments, we are required to presume recitations in the final judgment are correct absent any evidence to the contrary." *Sedona Pac. Hous. P'ship v. Ventura*, 408 S.W.3d 507, 511 (Tex. App.—El Paso 2013, no pet.); *see also S. Ins. Co. v. Brewster*, 249 S.W.3d 6, 13 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) ("Well-settled law compels that we presume that proceedings in the trial court, as well as its judgment, are regular and correct.").

Had this been a no-answer default judgment, such a presumption would not necessarily inhere. In such situations, "[w]e indulge no presumptions in favor of valid issuance, service, or return of citation." *Spanton v. Bellah*, 612 S.W.3d 314, 316 (Tex. 2020) (per curiam) (restricted appeal). Similarly, "[i]n a direct attack on a default judgment, there are no presumptions in favor of valid service of process." *Garcia v. Ennis*, 554 S.W.3d 209, 213 (Tex. App.—Fort Worth 2018, no pet.) (bill of review). Here, the Department is of course not contesting valid issuance, service, or return of citation; the Department presents its argument in the context of a regular appeal, not in the context of a restricted appeal or a bill of review. We will thus assume that the trial court's expunction order accurately reflected what happened at the hearing.

We overrule the Department's third issue.

**Absence of Reporter's Record**

Finally, in the Department's fourth issue it asserts that, assuming the trial court held a hearing, error occurred because it did so without a court reporter present. The Department cites numerous cases for the proposition that the absence of a reporter's record is reversible error. *See Rogers v. Rogers*, 561 S.W.2d 172, 173–74 (Tex. 1978); *Tex. Dep't of Pub. Safety v. N.E.A.*, No. 09-16-00057-CV, 2017 WL 1103533, at *2 (Tex. App.—Beaumont Mar. 23, 2017, no pet.) (mem. op.); *Tex. Dep't of Pub. Safety v. Redding*, No. 11-12-00285-CV, 2013 WL 3203813, at *2 (Tex. App.—Eastland June 20, 2013, no pet.) (mem. op.); *Ex parte Ruiz*, No. 04-11-00808-CV, 2012 WL 2834898, at *1–2 (Tex. App.—San Antonio July 11, 2012, no pet.) (mem. op.). But all these cases were restricted appeals or appeals by writ of error, the restricted appeal's predecessor. *See* Tex. R. App. P. 30 cmt.; *Ex parte E.H.*, 602 S.W.3d 486, 495 (Tex. 2020); *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 847 n.5 (Tex. 2004). In the context of a restricted appeal, the failure to have the court reporter present to make a record does constitute reversible error shown on the face of the record. *In re Expunction of J.R.*, 578 S.W.3d 272, 275 (Tex. App.—El Paso 2019, no pet.); *Redding*, 2013 WL 3203813, at *2.

Unless excused with the parties' agreement, a court reporter must attend all court sessions and make a full record of the proceedings. Tex. R. App. P. 13.1. In the context of a restricted appeal, if there is no reporter's record because the court reporter was not present, and if the record does not reflect that the parties agreed to

excuse the court reporter, the error appears on the face of the record because under those circumstances, only error explains the court reporter's absence. *See id.*

But in a regular appeal, the quest is not to find error appearing on the face of the record but instead to find error that the appellant has preserved for appellate review. *See* Tex. R. App. P. 33.1(a). That is, to obtain relief, an appellant has to do more than identify an error in the record; the appellant must also show that it preserved its complaint about that error for review. *See In re B.L.D.*, 113 S.W.3d 340, 350 (Tex. 2003).

Thus, whether we should treat the Department's complaint in this regular appeal the same as we would treat it in a restricted appeal is not as straightforward as the Department implies. *See V.T.C.*, 593 S.W.3d at 434.

**A. Regular appeals and restricted appeals differ procedurally.**

Generally, a party wanting to appeal a trial court's judgment must file a notice of appeal within 30 days after the judgment is signed (longer if certain postjudgment motions are timely filed). Tex. R. App. P. 26.1; *E.H.*, 602 S.W.3d at 495. But if the party did not

- participate—either in person or through counsel—in the hearing that resulted in the judgment complained of,

- timely file a post-judgment motion, request for findings of fact and conclusions of law, or

- file a timely notice of appeal for a regular appeal,

14

then the party may pursue a restricted appeal by filing a notice of appeal within six months after the judgment or order is signed. Tex. R. App. P. 30; *E.H.*, 602 S.W.3d at 495. A notice of restricted appeal must state that the party meets these requirements. Tex. R. App. P. 25.1(d)(7); *E.H.*, 602 S.W.3d at 495.

From these requirements—not participating in the decision-making event and not filing any postjudgment motions—parties filing a restricted appeal will not have been procedurally positioned to have preserved any complained-of error. *See* Tex. R. App. P. 30. As a consequence, a restricted appeal looks only for error on the face of the record. *E.H.*, 602 S.W.3d at 495.

In marked contrast, in a regular appeal, "[a]s a prerequisite to presenting a complaint for appellate review, the record must show that [the complaining party preserved error]." *See* Tex. R. App. P. 33.1(a). If a party files a regular appeal, it must comply with the preservation-of-error requirements even if it did not participate in the trial or dispositive hearing and even if it filed no postjudgment motions. *See* *V.T.C.*, 593 S.W.3d at 436.

Thus, when a party knowingly fails to appear for trial, its options are limited. *See id.* The party cannot, for example, file a *Craddock* motion for new trial because one of *Craddock*'s requirements is that the party's failure to appear was not intentional or the result of conscious indifference but was the result of an accident or mistake. *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. [Comm'n Op.] 1939). The party can file timely postjudgment motions to develop the record and to

15

hopefully obtain relief from the trial court, but in doing so, it binds itself to the preservation-of-error requirements inherent in regular appeals. *See V.T.C.*, 593 S.W.3d at 436–37.

## B. The Department filed a regular appeal, needed to preserve its complaint, and failed to do so.

The Department did not file any postjudgment motions, but it did file a timely notice of appeal for a regular appeal.[5]

In a regular appeal, an appellate complaint that a court reporter failed to attend a court session and make a full record of the proceedings must be preserved in one of two ways:

- making a verbal objection and obtaining a ruling—not an option here because the Department did not appear at the expunction hearing and because there is no reporter's record—or

- filing a motion or other written objection.

*See Reyes v. Credit Based Asset Servicing & Securitization*, 190 S.W.3d 736, 740 (Tex. App.—San Antonio 2005, no pet.); *see also Parker v. State*, 02-04-00221-CR, 2005 WL 1593944, at *1–2 (Tex. App.—Fort Worth July 7, 2005, pet. ref'd) (mem. op., not designated for publication) (holding that complaint of court reporter's failure to record sentencing hearing was waived, and noting, "We are sensitive to the

---

[5]Whether the Department meant to file a regular appeal or a restricted appeal is not clear because the notice states that the Department "did not attend a hearing on this matter"—something relevant to a restricted appeal but irrelevant to a regular appeal. *See* Tex. R. App. P. 30. The Department recited none of the other restricted-appeal factors.

difficulty of preserving an objection in the absence of a court reporter, but Appellant could have raised the complaint in a motion for new trial."). Here, the Department filed no motion or written objection regarding the court reporter's failure to make a record. By raising its complaint for the first time on appeal, the Department has thus failed to preserve this issue for our review. *See Reyes*, 190 S.W.3d at 740.

To the extent the Department implies that we should view the lack of a reporter's record as fundamental error that escapes the usual error-preservation rules, we cannot agree.[6] Indeed, a Texas Supreme Court case from the days in which a court reporter had a mandatory duty to be present and take notes makes that clear. *See Robinson v. Robinson*, 487 S.W.2d 713 (Tex. 1972). In that regular appeal, the court held that an appellate complaint about an absent court reporter was not preserved and that having an evidentiary hearing without the court reporter present was "not so fundamentally erroneous or unfair as to require a reversal in the absence of objection or exception." *Id.* at 714–15.

Although the Department contends that it is not at fault for the absence of a reporter's record and that it exercised due diligence in requesting a copy of the record, its timely request to the court reporter under Rule 34.6 is not the essential problem here. *See* Tex. R. App. P. 34.6(b)(1). The issue, rather, is whether the Department

---

[6]Because of "strong policy considerations favoring preservation" of error, the fundamental-error doctrine in the civil context is a discredited doctrine. *B.L.D.*, 113 S.W.3d at 350 (quoting *Cox v. Johnson*, 638 S.W.2d 867, 868 (Tex. 1982) (per curiam)).

preserved its complaint as Rule 33.1 requires. *See* Tex. R. App. P. 33.1. Filing a timely request for the reporter's record is not an error-preservation mechanism; nothing in a timely request alerts the trial court that the party objects to the absence of a reporter's record. Filing a motion or other written objection would have served that function. *See Reyes*, 190 S.W.3d at 740. As discussed earlier, the Department did neither.

The Department filed an answer. It acknowledges that it received notice of the expunction hearing and admits that it did not show up for the hearing. Despite knowing about and not appearing at the October 30, 2019 hearing, the Department does not tell us what efforts it took, if any, to determine what happened during the hearing. The Department filed a notice of appeal 28 days after the hearing and acknowledged within its notice that it still had not determined whether a hearing was held on the record. Moreover, the Department did not file a motion for new trial or any other postjudgment motion complaining about the absence of a reporter's record. Yet now, the Department is using its failure to appear at the hearing and its failure to file a postjudgment motion as leverage to overturn the trial court's ruling—without ever bringing its complaint to that court's attention. In a regular appeal, the Department's approach is inconsistent with preserving error. *See* Tex. R. App. P. 33.1. The Department's approach is instead best described as "lying behind the log": intentionally failing to object to the lack of a court reporter in the trial court with an eye toward raising the issue for the first time on appeal in hopes of an easy reversal. *See In re D.J.M.*, 114 S.W.3d 637, 639–40 (Tex. App.—Fort Worth 2003, pet. denied).

As we noted, the Department did not file a *Craddock* motion for new trial—that is, the Department did not allege that its failure to appear was unintentional or not the result of conscious indifference. *See Craddock*, 133 S.W.2d at 126. As our sister court noted in a similar circumstance, if the Department "failed to appear for the hearing, it did so despite having notice of the hearing." *V.T.C.*, 593 S.W.3d at 435.

Our sister court further observed that the Department "often fails to appear for expunction hearings and then complains in a restricted appeal about the absence of a reporter's record." *Id.* Consequently, the court pointed out that when the Department "fails to appear for a hearing, [it] is presumably aware a reporter's record might not be available." *Id.* In *V.T.C.*, as here, the Department "filed its notice of appeal within 30 days of the expunction order . . . but declined to file a motion to modify or correct any material omissions in the expunction order." *Id.* Although the *V.T.C.* dispute centered on whether the Department had appeared at the hearing (the court concluded that it had), our sister court commented that even if it had not appeared, the Department cited no authority suggesting that it "would be excused from the error[-]preservation requirements that strictly apply in regular appeals." *Id.* at 436.

In our case, because there is no reporter's record and because the Department failed to appear, the Department obviously cannot show an oral objection to the court reporter's absence. Despite that, the Department was not without recourse. Because it was aware enough to file a timely notice of appeal, the Department could similarly

19

have filed a timely motion or other written objection to preserve any putative problem with the record. But because the clerk's record contains no motion or written objection regarding the court reporter's failure to make a record, the Department has failed to preserve this issue for its regular appeal.[7] *See Reyes*, 190 S.W.3d at 740.

We overrule the Department's fourth issue.

## Conclusion

Having overruled the Department's four issues, we affirm the trial court's expunction order.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered:  March 4, 2021

---

[7]We recognize the logical perversity of knowing that if the Department had waited a few days and filed a restricted appeal, it would have prevailed by showing error on the face of the record that need not have been preserved. But this procedural fluke is not reason enough for us to toss out Rule 33.1.